UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-mj-2479-J6

UNITED STATES OF AMERICA

v.

DARVIN JOSE ESPIN GONZALEZ, et al.,

        Defendants.
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003?  _____ Yes  __X__ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007?  _____ Yes  __X__ No

Respectfully Submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

By: _____
Juan Antonio Gonzalez
Assistant United States Attorney
Florida Bar No. 897388
11200 NW 20th Street, Suite 101
Miami, FL 33172
Tel. (305) 715-7640 / 7653
Fax: (305) 715-7639
E-mail: juan.antonio.gonzalez@usdoj.gov

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>Darvin Jose Espin Gonzalez,<br>Nelvi Rafael Suarez Martinez,<br>Jose Ronmel Boada, and<br>Hernan Arias Escobar,<br>*Defendant(s)* | )<br>)<br>)  Case No. 16-mj- 2479 -JG<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **April 7, 2016** in the county of **Miami-Dade** in the **Southern** District of **Florida**, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| Title 46, United States Code, Section 70506(b) | Did knowingly and willfully conspire to possess with the intent to distribute a controlled substance, while on board a vessel subject to the jurisdiction of the United States, in violation of Title 46 U.S.C. § 70503(a)(1); all in violation of 46 U.S.C. 70506(b). |

This criminal complaint is based on these facts:

See attached Affidavit.

☑ Continued on the attached sheet.

*Rimas S*
*Complainant's signature*

Rimas P. Sliazas, Special Agent, HSI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 04/14/2016

*Judge's signature*

City and state: Miami, Florida

Hon. Jonathan Goodman, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT

I, Rimas P. Sliazas, being duly sworn, depose and state:

1.	I am employed as a Special Agent with Homeland Security Investigations (HSI), United States Department of Homeland Security, and have been so employed since 2009. As such, I am an investigative or law enforcement officer within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Titles 18, 21 and 46 of the United States Code. As a Special Agent with HSI, I have participated in numerous narcotics investigations involving physical and electronic surveillance, execution of search and arrest warrants, the control and administration of confidential sources, international drug importations, and domestic drug distribution organizations. I have participated in the arrest and subsequent prosecution of numerous drug traffickers. I also have spoken on numerous occasions with informants, suspects, and experienced narcotics investigators concerning the manner, means, methods, and practices that drug traffickers use to further the operation of their drug trafficking organizations and the most effective methods of investigating and dismantling drug trafficking organizations.

2.	This affidavit is submitted for the limited purposes of establishing probable cause in support of a complaint against Darvin Jose ESPIN GONZALEZ, Nelvi Rafael SUAREZ MARTINEZ, Jose Ronmel BOADA, and Hernan ARIAS ESCOBAR in that they did knowingly and intentionally conspire to possess with intent to distribute five (5) kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Sections 70503(a)(1) and 70506(b). As such, this affidavit does not contain the details of every aspect of this investigation. Furthermore, this affidavit is based

on my personal knowledge as well as information provided to me by other law enforcement personnel.

3. On April 7, 2016, a Marine Patrol Aircraft detected a go-fast vessel (GFV) in international water approximately 95 nautical miles south of Santo Domingo, Dominican Republic. The Marine Patrol Aircraft observed the GFV to have no indicia of nationality, a large amount of fuel barrels, and a large blue tarp on deck. The United States Coast Guard Cutter (USCGC) RICHARD DIXON was notified and dispatched an over-the horizon (OTH) vessel to investigate.

4. When the OTH was within one nautical mile from the GFV, the OTH was spotted by the GFV which immediately made a 180 degree course change. Repeated callout over the loud hailer by the USCG to stop the GFV in both English and Spanish failed. The OTH energized the loudhailer siren and continued to repeatedly call out for the GFV to stop with negative results. At that time, warning shots were fired in front of the bow of the GFV after which the GFV came to a stop and went dead in the water.

5. When the OTH came alongside the GFV, USCG began their right of approach questions. The GFV crew made a verbal claim of Colombian nationality for the vessel. The Government of Colombia was contacted. The Government of Colombia responded that they could neither confirm nor deny the nationality of the vessel. At that time, the GFV was treated as a vessel without nationality and subject to the jurisdiction of the United States. The boarding team was granted permission to board. Once on board, an initial safety sweep of the vessel was conducted. The USCG was able to observe approximately 37 bales which later tested positive for cocaine.

6. On board were Darvin Jose ESPIN GONZALEZ, Nelvi Rafael SUAREZ MARTINEZ, and Jose Ronmel BOADA, all Venezuelan nationals. Also onboard was Hernan ARIAS ESCOBAR, a Colombian national.

7. The crew of the GFV and the approximate thirty-seven (37) bales recovered were then transferred to the USCGC RICHARD DIXON. The bales had an approximate total weight of 902 kilograms.

8. On April 13, 2016, the four crew members were taken to the Dominican Republic and on that same date, they were flown into the Opa-Locka Executive Airport, in the Southern District of Florida where they first entered the United States.

9. Based on the foregoing facts, I submit that probable cause exists to believe that Darvin Jose ESPIN GONZALEZ, Nelvi Rafael SUAREZ MARTINEZ, Jose Ronmel BOADA, and Hernan ARIAS ESCOBAR knowingly and intentionally conspire to possess with intent to distribute five (5) kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Sections 70503(a)(1) and 70506(b).

FURTHER AFFIANT SAYETH NAUGHT.

RIMAS P. SLIAZAS
SPECIAL AGENT
HOMELAND SECURITY INVESTIGATIONS

Subscribed and sworn to before me this 14TH day of April, 2016.

JONATHAN GOODMAN
UNITED STATES MAGISTRATE JUDGE

3